UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

Aldo Rugerio, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                              *Plaintiff,*

    *- against -*

451 Grand Avenue, LLC, and Joseph R. Pagliaro,

                              *Defendants.*

---------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Aldo Rugerio ("Plaintiff" or "Rugerio"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants 451 Grand Avenue, LLC, (the Corporate Defendant"), and Joseph R. Pagliaro (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of the Connecticut Wage Act, C.G.S. Sec. 31-58, *et seq* ("CWA").

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, and the CWA

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the CWA pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ALDO RUGERIO**

6. Plaintiff was employed as a driver and instillation worker at Defendants' flooring, painting, and window treatment company located at 451 Grand Avenue, New Haven, CT 06513 ("Joe's Paint Center & Floor Store"), from approximately November 2016 to, through and including March 16, 2023.

7. Plaintiff was employed as a non-managerial employee for Defendants from November 2016 to, through and including March 16, 2023.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT 451 GRAND AVENUE, LLC**

9. Upon information and belief, Defendant 451 Grand Avenue, LLC is a domestic limited liability company organized and existing under the laws of Connecticut.

10. Upon information and belief, Defendant 451 Grand Avenue, LLC is licensed to do

business in the State of Connecticut, and at all relevant times here to, maintained a principal place of business at 451 Grand Avenue, New Haven, CT 06513.

11.    At all times relevant to this Complaint, Defendant 451 Grand Avenue, LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.    At all times relevant to this Complaint, Defendant 451 Grand Avenue, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.    At all times relevant to this Complaint, Defendant 451 Grand Avenue, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and the CWA and employed employees, including Plaintiff.

14.    The true name of Defendant 451 Grand Avenue, LLC is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state its true name when it has been ascertained.

**DEFENDANT JOSEPH R. PAGLIARO**

15.    Defendant Joseph R. Pagliaro is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

16.    Defendant Joseph R. Pagliaro is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

17.    Defendant Joseph R. Pagliaro possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

18. Defendant Joseph R. Pagliaro determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

19. At all times relevant to this Complaint, Defendant Joseph R. Pagliaro has been and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and the CWA, and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20. Defendants own, operate and/or control the flooring, painting, and window treatment company company located at 451 Grand Avenue, New Haven, CT 06513 (*i.e.,* Joe's Paint Center & Floor Store).

21. The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the CWA

25. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

26. Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

   b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating the Corporate Defendant for their own benefit as the majority shareholder;

   e. operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

   f. intermingling assets and debts of their own with the Corporate Defendant;

   g. diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

   h. other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the CWA.

28. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange

for Plaintiff's services.

## FACTUAL ALLEGATIONS

29. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

30. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

31. Plaintiff was an employee of Defendants.

32. Plaintiff was employed as driver and instillation worker at Joe's Paint Center & Floor Store from approximately November 2016 to, through and including March 16, 2023.

33. From approximately November 2016 to, through and including May 2017, Plaintiff worked at Joe's Paint Center & Floor Store five (5) to six (6) days per week as a driver, as follows: from approximately 8:00 a.m. to 5:00 p.m. (*i.e.,* 9 hours per day), for a total period of approximately 45 to 54 hours during each of the weeks, respectively.

34. From approximately June 2017 to, through and including March 16, 2023, Plaintiff worked at Joe's Paint Center & Floor Store six (6) days per week as an instillation worker, as follows: from approximately 8:00 a.m. to 9:00 p.m. (*i.e.,* 12 hours per day), for a total period of approximately 72 hours during each of the weeks, respectively.

35. From November 2016 to, through and including November 2018, Rugerio was paid $13 per hour, for all hours worked.

36. From December 2018 to, through and including December 2021, Rugerio was paid $19 per hour, for all hours worked.

37. From January 2022 to, through and including March 16, 2023, Rugerio was paid $21 per hour, for all hours worked.

38. Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

39. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

40. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

41. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or the CWA.

42. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to drivers and instillation workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

44. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wages and overtime wages for all hours worked over 40 hours per week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

45. The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

46. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

47. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

48. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

49. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

50. Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

51. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

52. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-

judgment interest.

## SECOND CLAIM
### (CWA – Unpaid Overtime Wages, C.G.S. Section 31-58, *et seq*.)

53. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

54. Under the CWA, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

55. Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the CWA.

56. Defendants willfully violated the CWA by knowingly and intentionally failing to pay Plaintiff overtime wages.

57. As the owner of the Corporate Defendant, the Individual defendant is the "ultimate responsible authority" and the cause for these violations.

58. Due to Defendants' willful violations of the CWA, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

   a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been

   filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.  certification of this case as a collective action pursuant to the FLSA;

c.  issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.  declaring that Defendants violated the overtime wage provisions of the FLSA, and the CWA;

e.  awarding Plaintiff unpaid overtime wages;

f.  awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

g.  awarding Plaintiff pre- and post-judgment interest under the CWA;

h.  awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

i.  Such other relief as this Court deems just and proper.

Dated: New York, New York
   August 22, 2023         Respectfully submitted,

                    By: /s/ Joshua Levin-Epstein
                    Joshua Levin-Epstein
                    Jason Mizrahi
                    Levin-Epstein & Associates, P.C.
                    60 East 42nd Street, Suite 4700
                    New York, New York 10165
                    Tel: (212) 792-0046
                    Email: Joshua@levinepstein.com
                    *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiff*