**FORM 26(F) REPORT OF PARTIES' PLANNING MEETING**

(Amended December 22, 2017)

Caption of Case     Rugerio v. 451 Grand Avenue, LLC and Joseph R Pagliaro [Case No.: 3:23-cv-01113-KAD]
[List all parties]

Date Complaint Filed:  8/22/2023

Date Complaint Served:  9/14/2023

Date of Defendant's Appearance:  9/14/2023

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on [date(s)]. The participants were:

| | |
|---|---|
| Joshua D. Levin-Epstein, Esq. | for plaintiff Aldo Rugerio. |
| John Michael Walsh , Jr., Esq. | for defendant 451 Grand Avenue, LLC and Joseph R Pagliaro |

I.   Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   Jurisdiction

    A.   Subject Matter Jurisdiction

The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the CWA pursuant to 28 U.S.C. § 1367(a).

      B.      Personal Jurisdiction

Personal jurisdiction is not contested.

      III.      Brief Description of Case

Plaintiff:

Plaintiff was employed as a driver and instillation worker at Defendants' flooring, painting, and window treatment company located at 451 Grand Avenue, New Haven, CT 06513 ("Joe's Paint Center & Floor Store"), from approximately November 2016 to, through and including March 16, 2023. Throughout his employment, Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

Defendants:

In November 2016 the Defendant hired the Plaintiff as a warehouse worker. Plaintiff's primary duties included loading and unloading delivery trucks and stocking inventory. In December of 2017 the Plaintiff began working as a helper for an installer. Each week the Plaintiff submitted his hours of work and was paid the appropriate straight time or overtime rate.

      A.      Claims of Plaintiff/s:  Overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and violations of the Connecticut Wage Act, C.G.S. Sec. 31-58, et seq ("CWA").

      B.      Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant/s:  Defendant asserts Plaintiff was paid for all hours he reported at the appropriate straight time or overtime rate.

      C.      Defenses and Claims of Third Party Defendant/s:

      IV.      Statement of Undisputed Facts

Plaintiff was employed at Defendants' flooring, painting, and window treatment company located at 451 Grand Avenue, New Haven, CT 06513 ("Joe's Paint Center & Floor Store"), from approximately November 2016 to, through and including March 16, 2023.

Defendants employed Plaintiff.

V.   Case Management Plan:

A.   Initial Disclosures

Initial disclosures will be served by ___1/29/2024___.

B.   Scheduling Conference

1.   The parties [(request)][do not request] to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.   The parties prefer that a scheduling conference, if held, be conducted [in person] [(by telephone)].

C.   Early Settlement Conference

1.   The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement [is (likely)] [is unlikely at this time] [may be facilitated by use of the following procedure]:

Referral to Court-annexed mediation.

2.   The parties [(request)][do not request] an early settlement conference.

3.   The parties prefer a settlement conference, when such a conference is held, with [the presiding judge] [a magistrate judge] [(a parajudicial officer or special master)].

4.   The parties [(request)][do not request] a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.   Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

101

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until [date] to file motions to join additional parties and until 3/7/2024 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant(s) should be allowed until 3/7/2024 to file motions to join additional parties and until [date] to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

E. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: n/a

Defendant's Position (if different):

b. The parties anticipate that discovery will be needed on the following subjects:

Defendants' time records and payroll records. The hours plaintiff claims to have worked in each week during the claimed period; and records of weekly payments received by plaintiff during the claimed period.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by 2/5/2024 and completed (not propounded) by 6/21/2024.

d. Discovery [will] [will not] be conducted in phases.

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by

f. The parties anticipate that the plaintiff(s) will require a total of  2   depositions of fact witnesses and that the defendant(s) will require a total of  3   depositions of fact witnesses. The depositions will commence by 2/5/2024 and be completed by 6/21/2024.

g. The parties [will] (will not) request permission to serve more than 25 interrogatories.

h. Plaintiff/s [intend] (do not intend) to call expert witnesses at trial. Defendant/s [intend] (do not intend) to call expert witnesses at trial.

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by N/A.
Depositions of any such experts will be completed by N/A.

j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by N/A.
Depositions of such experts will be completed by N/A.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by 2/5/2024

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall

be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information

>The parties defer to the governing rules in the Federal Rules of Civil Procedure.

      m.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information

>The parties defer to the governing rules in the Federal Rules of Civil Procedure.

      n.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production

>The parties defer to the governing rules in the Federal Rules of Civil Procedure.

      F.    Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]:

      G.    Summary Judgment Motions: 30 days after completion of all discovery.

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before [date].

H.     Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 7/20/2024

VI.    TRIAL READINESS

The case will be ready for trial by 9/20/2024

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By  /s/ Joshua D. Levin-Epstein, Esq.         Date: 2/06/2024

Defendant

By _____          Date: 2/6/24

The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff _____    Date: _____

Defendant _____   Date: 2/6/24